## WALDO V. MUMFORD.

In action of debt on judgment, by foreign attachment, the declaration must set forth, that satisfaction of the former judgment could not be obtained.

ACTION of debt on judgment, instituted by writ of foreign attachment. The declaration set forth a judgment, with an averment, that no satisfaction had been made.— On demurrer, this declaration was adjudged to be ill: For,—

By the COURT. A judgment creditor may have an action of debt on the judgment, for the recovery of his due out of the effects of an absconding debtor, in the hands of his agent or trustee, in case satisfaction cannot be obtained out of the estate of the debtor, by the levy of an execution issued on such judgment: But in this case, there being no allegation in the declaration that an execution hath issued on the judgment declared upon, and a *non est inventus* been returned; or that no goods or personal estate of the debtor could be found, on which an execution might be levied, and satisfaction of the debt obtained; on that ground the declaration is insufficient.

LAW, C. J., and ELLSWORTH, J., dissenting. The design of a foreign attachment, as allowed by statute, in case of an absconding debtor, is to secure his effects in the hands of his agents, etc. which are of such a nature, or so concealed as not to be come at by ordinary process of law. Judgment creditors are entitled to take benefit of it, as well as others, and that immediately upon the debtor's absconding. They are not obliged to wait to ascertain whether an execution upon the first judgment could be satisfied or not. The statute does not require it; and this would be to postpone them to other creditors, and until it might be too late to secure any-

thing by the process. It was not necessary, therefore, for the plaintiff to aver in his declaration, that he could not obtain satisfaction upon the first judgment; and if he had, it would not be a question upon the trial, whether he had taken the legal steps to ascertain the fact, or whether the averment was true, or not. It was enough for him, in his declaration, to set forth the judgment unsatisfied, that the debtor was absconded, and that his agents. etc. on whom the process was to be served, had his effects so concealed in their hands that they could not be attached — which he has done.

As to the supposed danger, that if such declarations are allowed of, creditors will bring forward a second process when they might as well have satisfaction upon the existing judgment, and they know it at the time, we apprehend it does not exist; because this would be for them knowingly to refuse the satisfaction they are in quest of, that they may seek it subject to a hazard and delay, and an additional expense to themselves.

As to the practice or resolutions in this state, we apprehend there has been none that will apply against this declaration.— And a debtor has no reason to complain of a second process, who has not satisfied the judgment rendered in the first, and has by absconding, withdrawn a main pledge for the payment of it. See Sterne v. Spalding, *ante*, 177.